UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-01172-SVW | Date | February 26, 2024 |
| Title | *In re Debtor Peter Szanto* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Appellants: | Attorneys Present for Appellee: |
| N/A | N/A |

**Proceedings:**  ORDER AFFIRMING BANKRUPTCY COURT'S ORDER DISMISSING CASE

### I.  Introduction

On June 9, 2023, Peter Szanto filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy court"). Bankruptcy court, Case No. 8:23-bk-11187-SC, Dkt. 1. On June 14, 2023, the Bankruptcy court entered an order dismissing the case. Bankruptcy court, Case No. 8:23-bk-11187-SC, Dkt. 8. Szanto appealed the Bankruptcy court's order to this Court on June 30, 2023. Dkt. 1. For the reasons set forth below, the Bankruptcy court's order is AFFIRMED.

### II.  Standard of Review

When a district court is tasked with appellate review of a decision by a bankruptcy court, the district court "functions as an appellate court and applies the standards of review generally applied in federal courts of appeal." *Tighe v. Valencia*, 284 B.R. 463, 468 (C.D. Cal. 2002) (citation omitted). "In an appeal from an order of a bankruptcy court, conclusions of law are reviewed de novo and findings of fact are reviewed for clear error." *Szanto v. Lewin*, 2016 WL 6514108, at *1 (C.D. Cal. 2016) (citing *Blausey v. U.S. Tr.*, 552 F.3d 1124, 1132 (9th Cir. 2009)). "Mixed questions of law and fact are reviewed de novo." *In re Chang*, 163 F.3d 1138, 1140 (9th Cir. 1998) (citation omitted).

### III.  Analysis

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-01172-SVW | Date | February 26, 2024 |
|---|---|---|---|
| Title | *In re Debtor Peter Szanto* | | |

As the Bankruptcy court noted, in *Freshman v. Atkins*, the United States Supreme Court held that a debtor cannot have two simultaneous bankruptcy cases pending when the concurrent cases involve the same debts. 269 U.S. 121, 122–23 (1925). *See also In re Sidebottom*, 430 F.3d 893, 898 (7th Cir. 2005) ("there is general agreement that a debtor may not maintain two or more concurrent actions with respect to the same debts."); *In re Lord*, 295 B.R. 16, 18 (Bankr. E.D.N.Y. 2003) ("the majority of courts to address this issue have ruled that only one bankruptcy case may be pending at a time and for a given debtor.").

Thus, the Bankruptcy court dismissed the action because Szanto had an open Chapter 7 bankruptcy proceeding pending before the United States Bankruptcy Court for the District of Oregon (the "Oregon bankruptcy action"). Bankruptcy court, Case No. 8:23-bk-11187-SC, Dkt. 8.

Szanto seems to argue that this bankruptcy action does not involve "the same debts." *See* Dkt. 12 at 5. Szanto also seems to state that the basis for this bankruptcy appeal is a fraudulent eviction action. *Id.* It is not clear how this shows that the bankruptcy action before us concerns a different debt than the Oregon bankruptcy action. Next, Szanto argues that the Bankruptcy court erred by not issuing an order to show cause or otherwise giving him an opportunity to be heard before dismissing the case. *Id.* at 5–6. But Szanto does not identify any caselaw holding that a bankruptcy court must provide an opportunity to respond before dismissing a case on these grounds. Lastly, Szanto claims he was not served with the order of the dismissal, justifying reversal of the Bankruptcy court's order. *Id.* at 6. But this is untrue. *See* Bankruptcy court, Case No. 8:23-bk-11187-SC, Dkt. 12.

**IV.    Conclusion**

For the foregoing reasons, the Bankruptcy court's order is AFFIRMED.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |